******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# BETWEEN-THE-BRIDGES, LLC *v.*
# JAMES S. O'ROURKE
# (AC 48225)

Moll, Suarez and Wilson, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment in its favor on its unjust enrichment claim against the defendant, predicated on the defendant's failure to pay fees accrued in connection with the plaintiff's storage of the defendant's vessel at its commercial marina. The plaintiff claimed, inter alia, that the court improperly authorized the defendant to remove the vessel from its facility. *Held*:

The trial court erred in issuing an order authorizing the defendant to remove the vessel from the plaintiff's facility, as the defendant did not request such relief; accordingly, this court vacated that portion of the trial court's judgment.

The trial court did not improperly decline to award the plaintiff postjudgment interest pursuant to statute (§ 37-3a), as, although the plaintiff requested such an award in its prayer for relief in its complaint, it did not address its claim for postjudgment interest at trial, in its posttrial brief, or otherwise alert the court to that claim before the court issued its corrected memorandum of decision, and, thus, the plaintiff abandoned its claim.

Argued November 20, 2025—officially released March 31, 2026

*Procedural History*

Action to recover damages for, inter alia, unjust enrichment, and for other relief, brought to the Superior Court in the judicial district of Middlesex, where the defendant filed a counterclaim; thereafter, the case was tried to the court, *Shah, J.*; judgment for the plaintiff on the complaint and on the counterclaim, from which the plaintiff appealed to this court; subsequently, the plaintiff withdrew the count of its complaint seeking enforcement of a lien. *Affirmed in part*; *vacated in part*.

*Richard F. Paladino*, for the appellant (plaintiff).

*Opinion*

MOLL, J. The plaintiff, Between-the-Bridges, LLC, appeals from the judgment of the trial court, rendered following a bench trial, in its favor on its unjust enrichment

claim against the defendant, James S. O'Rourke, predicated on the defendant's failure to pay fees accrued in connection with the plaintiff's storage of the defendant's vessel. On appeal, the plaintiff claims that the court improperly **(1)** authorized the defendant to remove the vessel from its facility and **(2)** failed to award it postjudgment interest pursuant to General Statutes § 37-3a. We reverse in part the judgment of the trial court.[1]

The following undisputed facts, as found by the trial court or as gleaned from the record, and procedural history are relevant to our resolution of this appeal. The plaintiff operates a commercial marina in Old Saybrook, where it "provides slip rentals and services associated with the boating community, including repair, storage, and hauling of vessels." In July, 2020, a vessel owned by Bob Abbott and Joanne Abbott was towed to the marina as a result of flooding that had caused the vessel to sink partially. The plaintiff secured the vessel, pumped the water out of it, and brought it to the upland portion of the marina for storage. The Abbotts' insurer eventually paid for the costs associated with pumping the water out of the vessel and lifting it onto land, but the insurer did not pay for any other services provided by the plaintiff, including storage of the vessel.

In August or September, 2020, the defendant purchased the vessel from the Abbotts. The plaintiff discussed with the defendant the fees associated with storing the vessel, including unpaid storage fees previously incurred by the Abbotts. The defendant told the plaintiff that he would keep the vessel at the marina to work on and reconstruct it. At no time did the parties execute a written contract regarding the storage of the vessel.[2] The plaintiff later invoiced storage fees to the defendant, which he did not pay. The defendant has not

---

[1] The defendant did not file a brief in this court. On July 16, 2025, this court ordered that this appeal shall be considered on the basis of the plaintiff's brief and the record, as defined by Practice Book § 60-4, and oral argument of the plaintiff, if not waived.

[2] In November, 2021, the plaintiff sent the defendant a storage contract, which he did not sign.

accessed the vessel since July 4, 2022, when "the plaintiff had [him] trespassed" by the local police department.

On October 14, 2022, pursuant to General Statutes § 52-278a et seq., the plaintiff filed an application for a prejudgment remedy seeking to attach $18,000 of the defendant's assets. In its accompanying proposed two count complaint, the plaintiff (1) alleged that it had a statutory and/or common-law lien on the vessel and (2) asserted a claim of unjust enrichment on the basis of allegations that the defendant refused to pay the outstanding storage fees. On January 31, 2023, following an evidentiary hearing, the trial court, *Swienton*, *J.*, granted the plaintiff's application for a prejudgment remedy. Thereafter, the plaintiff purportedly filed with the Secretary of the State a notice of vessel lien pursuant to General Statutes § 49-55a,[3] dated February 9, 2023, claiming a lien on the vessel in the amount of $18,000

[3] General Statutes § 49-55 provides: "Each vessel, not documented according to the maritime or admiralty laws of the United States, shall be subject to a lien in the amount of a claim of not less than fifty dollars by any person, hereinafter called the lienor, for work done, including the equipping of such vessel with safety devices, materials furnished or expenses incurred in connection with the building, repairing, mooring, dockage or storage of such vessel. This lien shall be subordinate to security interests previously filed in the office of the Secretary of the State. The lienor may retain possession of the vessel until the charges for such work, materials or expenses have been paid or the lien has been dissolved."

General Statutes § 49-55a (a) provides: "Upon the possession of the vessel by a lienor, he shall cause a notice of a vessel lien, in duplicate, to be filed on a form provided by the Secretary of the State with the office of the Secretary on which he shall also indicate the date and place of the sale of the vessel, which date of sale shall be at least thirty days next succeeding the filing of the notice. The lienor shall, within seven days of the filing, send by certified mail a copy of such notice to the person indicated as the owner of the vessel, and to anyone who has filed with the Secretary of the State claiming a legal or equitable interest in the vessel. The fees for such notice and procedure shall be set by the Secretary of the State."

General Statutes § 49-56 (a) provides: "A vessel lien is not valid, unless the lienor has, within sixty days after he has ceased to furnish the goods or services described in section 49-55, filed a notice of a vessel lien with the Secretary of the State."

(2023 notice of vessel lien).[4] Subsequently, a marshal served the defendant with a certificate of attachment of the vessel and the 2023 notice of vessel lien, as well as the summons and complaint.[5]

On December 6, 2023, the defendant filed an answer, a special defense, and a five count counterclaim. In a substituted five count counterclaim filed on April 17, 2024, the defendant asserted claims sounding in (1) tortious interference with a business relationship, (2) tortious interference with a contractual relationship, (3) a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., (4) conversion, and (5) statutory theft in violation of General Statutes § 52-564, to which the plaintiff filed an answer on April 18, 2024.

Additionally, on December 6, 2023, the defendant filed a motion for an order authorizing him to access the marina in order to inspect and to remove the vessel. On December 15, 2023, the plaintiff filed an objection. On January 2, 2024, the court, *Shah, J.*, granted the defendant's motion in part, permitting him a single opportunity to inspect the vessel with an agent of the plaintiff present and with forty-eight hours' notice; however, the court did not enter an order authorizing the defendant to remove the vessel.

The case was tried to the court on July 11, 2024. On August 26, 2024, the parties filed posttrial briefs. On October 17, 2024, the court issued a memorandum of decision, as later corrected on October 23, 2024.[6] The court rendered judgment in favor of the plaintiff on its

[4] During oral argument before this court, the plaintiff's counsel conceded that the 2023 notice of vessel lien was not valid because of an issue with the filing fee. Moreover, in a supplemental memorandum that it filed with this court; see footnote 7 of this opinion; the plaintiff represented that the 2023 notice of vessel lien "was not accepted by the Secretary of the State because of the failure to tender the filing fee."

[5] Additionally, on February 13, 2023, a certificate of attachment of real estate was recorded on the Glastonbury land records with respect to certain real property owned by the defendant.

[6] In the original memorandum of decision, the court ordered the defendant to make certain weekly payments to the plaintiff. In the corrected

unjust enrichment claim, awarding it $17,636, as well as on the entirety of the defendant's substituted counterclaim. Additionally, the court ordered that "[t]he defendant shall have twenty-one days to remove the vessel from the plaintiff's facility. If the defendant fails to remove the vessel within that time, the defendant shall pay an additional $215 per month until the vessel is removed."

On October 22, 2024, the defendant filed a motion for contempt, asserting that, in violation of the court's judgment, the plaintiff was refusing to allow him to remove the vessel. The defendant further asserted that the plaintiff's counsel had sent him a notice of vessel lien dated October 21, 2024 (2024 notice of vessel lien), which, per the representations of the plaintiff's counsel, would be submitted to the Secretary of the State and reflected that the plaintiff was intending to sell the vessel on January 24, 2025. On October 31, 2024, the plaintiff filed an objection.

On October 25, 2024, while the defendant's motion for contempt was pending, the plaintiff filed a motion to reargue/reconsider, claiming that the court improperly (1) authorized the defendant to remove the vessel and (2) failed to award it postjudgment interest. On November 8, 2024, the defendant filed an objection. On November 13, 2024, the plaintiff filed a supplemental motion to reargue/reconsider, stating that it had received confirmation that the Secretary of the State had accepted its filing of the 2024 notice of vessel lien on October 23, 2024. On November 14, 2024, the court denied the motion to reargue/reconsider, as supplemented, determining that the motion was "a prohibited attempt at a 'second bite of the apple.'" On November 26, 2024, the plaintiff filed this appeal.[7]

memorandum of decision, the court removed the weekly order of payments because no order to that effect had been requested.

[7] On November 25, 2025, this court ordered, sua sponte, the parties to file supplemental memoranda addressing whether this appeal should be dismissed for lack of a final judgment because the trial court did not adjudicate count one of the plaintiff's complaint seeking enforcement

On December 20, 2024, the court denied the defendant's motion for contempt. The court concluded that, although the plaintiff did not comply with the court's clear and unambiguous order allowing "the defendant . . . to retrieve his vessel in order to avoid incurring further storage charges," of which order the plaintiff had notice, the plaintiff's noncompliance was not wilful because it "obtained a lien postjudgment and plan[ned] to pursue its lien rights under Connecticut law." No appeal was taken from that decision. Additional procedural history will be set forth as necessary.

I

The plaintiff first claims that the trial court improperly authorized the defendant to remove the vessel from its facility. Although the plaintiff bases this claim on several grounds, its dispositive assertion is that the court improperly permitted the defendant to remove the vessel notwithstanding that he did not request such relief. We agree.[8]

We construe the plaintiff's dispositive assertion to challenge the court's authority to award relief to the defendant, which presents a question of law over which our review is plenary. See *Lynn* v. *Bosco*, 182 Conn. App. 200, 213, 189 A.3d 601 (2018) ("[a]ny determination

of a lien. On December 15, 2025, the plaintiff filed a supplemental memorandum in which it represented that it had abandoned count one in its posttrial brief. On December 29, 2025, in light of (1) the plaintiff's representation that it had unconditionally abandoned count one in its posttrial brief and (2) the trial court not having rendered judgment disposing of count one prior to the plaintiff's filing of this appeal, this court ordered the plaintiff to file a withdrawal of count one on or before January 8, 2026, or else this appeal would be dismissed for lack of a final judgment. The plaintiff subsequently withdrew count one in compliance with this court's order.

[8] The plaintiff further contends that the court's order regarding the removal of the vessel (1) violated the automatic appellate stay in effect pursuant to Practice Book § 61-11 and (2) ran "contrary to the postjudgment statutory scheme and impair[ed] and prejudice[d] the plaintiff's ability to collect its money judgment." In light of our resolution of the plaintiff's dispositive assertion on appeal, we need not address these additional issues.

regarding the scope of a court's subject matter jurisdiction or its authority to act presents a question of law over which our review is plenary" (internal quotation marks omitted)).

In the present case, the defendant filed a pretrial motion seeking an order authorizing him to remove the vessel; however, the court did not grant that request. Thereafter, the defendant did not renew his request for a judicial order authorizing him to remove the vessel; indeed, the defendant's substituted counterclaim, the trial transcript, and the defendant's posttrial brief do not reflect that he requested such relief.[9] Accordingly, we conclude that the court committed error in entering the order regarding the removal of the vessel.[10] See id., 214 ("[a]ny judgment should conform to the pleadings, the issues and the prayers for relief" (internal quotation marks omitted)). We therefore vacate the following portion of the trial court's judgment: "The defendant shall have twenty-one days to remove the vessel from the plaintiff's facility. If the defendant fails to remove the vessel within that time, the defendant shall pay an additional $215 per month until the vessel is removed."

## II

The plaintiff next claims that the trial court improperly failed to award it postjudgment interest pursuant to

---

[9] Even if the defendant's substituted counterclaim had requested removal of the vessel as relief, the court rendered judgment in the plaintiff's favor on the entirety of the substituted counterclaim. Therefore, as the nonprevailing party, the defendant was not entitled to his requested relief.

[10] Notably, in issuing the corrected memorandum of decision, the court removed a prior order requiring the defendant to make certain weekly payments to the plaintiff because there had been no request for such an order. See footnote 6 of this opinion.

Additionally, we note that the court denied the defendant's motion for contempt, which was predicated on the plaintiff's failure to comply with the court's order concerning the removal of the vessel, on the ground that the plaintiff's noncompliance was not wilful because of its pursuit of its lien rights under Connecticut law. We construe that decision to signal that the order regarding the removal of the vessel, if it were to remain intact, effectively would be without force.

§ 37-3a. The plaintiff maintains that "[the defendant] did not pay the storage charges [with respect to the vessel] but took full advantage of the marina facilities to repair the vessel in preparation for its sale. . . . [T]he plaintiff should be compensated for the loss of the use of its money (storage fees), and especially in light of [the defendant's] utilization of the marina." We reject this claim.

Section 37-3a (a) provides in relevant part that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable. . . ." "A decision to [award] postjudgment interest is primarily an equitable determination and a matter lying within the discretion of the trial court. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court properly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) *Anketell* v. *Kulldorff*, 223 Conn. App. 345, 356, 308 A.3d 594 (2024). "The trial court's discretion in awarding interest is quite broad, and the court may consider whatever factors may be relevant to its determination. . . . A court's discretion must be informed by the policies that the relevant statute is intended to advance. . . . [T]he policy behind [§ 37-3a] is to compensate the successful party for the loss of the use of the money that he or she is awarded from the time of the award until the award is paid in full." (Citation omitted; internal quotation marks omitted.) Id., 357.

The following procedural history is relevant to our resolution of this claim. The plaintiff requested an award of postjudgment interest in the prayer for relief in its complaint. The plaintiff did not address its claim for postjudgment interest at trial, brief that claim in its posttrial brief, or otherwise alert the court to that claim before the court had issued the corrected memorandum of

decision, which made no mention of postjudgment interest. In its motion to reargue/reconsider, the plaintiff asserted that the court did not award it postjudgment interest notwithstanding its request for such an award in its complaint, such that, the plaintiff posited, "the award of postjudgment interest may have been overlooked." In his objection, the defendant argued that "the plaintiff ha[d] not cited any misapprehension of fact or overlooked decision or principle of law for its request for the court to reconsider the lack of an award for postjudgment interest. The motion . . . is being used by the plaintiff to get a 'second bite of the apple.'" In denying the motion to reargue/reconsider, as supplemented,[11] the court determined that the motion constituted "a prohibited attempt at a 'second bite of the apple.'"

Mindful that "[w]e will make every reasonable presumption in favor of upholding the trial court's ruling"; (internal quotation marks omitted) *Anketell* v. *Kulldorff*, supra, 223 Conn. App. 356; we conclude that the court did not improperly decline to award postjudgment interest to the plaintiff. Although the plaintiff requested postjudgment interest in its complaint,[12] it did not raise that issue again at any time prior to the court's issuance of the corrected memorandum of decision, including in its posttrial brief. Under such circumstances, the plaintiff's

[11] The plaintiff's supplemental motion to reargue/reconsider did not address the issue of postjudgment interest.

[12] The plaintiff argues that the court did not award it postjudgment interest notwithstanding (1) its request for such an award in its complaint and (2) its filing of a postjudgment motion for clarification. Insofar as the plaintiff maintains that the court was required to award it postjudgment interest because it requested such an award in its complaint, that argument is unavailing in light of the discretionary nature of postjudgment interest under § 37-3a. See *Sosin* v. *Sosin*, 300 Conn. 205, 228, 14 A.3d 307 (2011) ("Because § 37-3a provides that interest 'may be recovered' . . . it is clear that the statute does not require an award of interest in every case in which money has been detained after it has become payable. Rather, an award of interest is discretionary." (Emphasis omitted.)). Additionally, the postjudgment motion for clarification referenced by the plaintiff, which it filed on October 21, 2024, did not address its claim for postjudgment interest and, thus, is immaterial.

claim for postjudgment interest is deemed abandoned, and, therefore, the court acted reasonably in not addressing, let alone awarding, such interest as part of its judgment and in not countenancing the plaintiff's apparent attempt to revive its abandoned claim in its motion to reargue/reconsider. See *Commission on Human Rights & Opportunities* v. *Truelove & Maclean, Inc.*, 238 Conn. 337, 344 n.11, 680 A.2d 1261 (1996) (rejecting claim that trial court improperly refused to consider whether claimant was entitled to interest on award she received when court properly concluded that issue of interest was abandoned as result of inadequate briefing); *Loch View, LLC* v. *Windham*, 237 Conn. App. 462, 505–506, A.3d (2026) (concluding that trial court properly denied reargument on defendant town's claim for statutory interest when town withdrew counterclaim, leaving no claim pending before court seeking interest, and failed to brief claim in posttrial briefs, thereby abandoning claim); *Dow & Condon, Inc.* v. *Askar*, Docket No. CV-20-6129875-S, 2023 WL 5216731, *2 (Conn. Super. August 8, 2023) (denying motion to reconsider on ground that trial court did not overlook plaintiff's request in complaint for interest pursuant to § 37-3a but, instead, deemed issue of interest to be waived because of plaintiff's failure to address issue in posttrial brief).

The judgment is reversed only as to the order regarding the removal of the vessel from the plaintiff's facility and that order is vacated consistent with this opinion; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.